UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN TUCKER, | ) | CASE NO. 5:17-CV-140 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COUNTY OF STARK, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiff Brian Tucker ("Tucker") to file a second amended complaint, *instanter*. (Doc. No. 33 ["Mot. Amend"].) The motion is unopposed. For the reasons that follow, the motion is granted, in part.

Tucker brought this action against defendants on January 19, 2017, seeking damages against defendants for injuries he allegedly sustained "while in the custody of the Stark County Sheriff's Deputies and the Stark County Jail from January 20, 2015 through January 27, 2015." (Doc. No. 3 (First Amended Complaint ["FAC"]) ¶ 1; *see* Doc. No. 1 (Complaint).) He amended his complaint once, as a matter of right, that same day (January 19, 2017). (*See* FAC.) The FAC raised claims against defendants under 42 U.S.C. § 1983 and Ohio law.

The Court conducted a case management conference on September 6, 2017, after which the Court issued a case management plan and trial order that, among other things, identified December 6, 2017 as the deadline to add parties or amend the pleadings.

On December 5, 2017, plaintiffs filed the instant motion to amend, and appended a copy of the proposed pleading thereto. Defendants have not filed a response to the motion, but the

parties have indicated in a recently filed joint status report that the motion to amend is unopposed. (Doc. No. 35 at 365.) By way of amendment, plaintiff seeks to add new party defendants Correctional Officers Laurice Jackson, Mitchell Paulen, Nicole Justice, Jacob Tate, and Zehnder. In his motion to amend, Tucker explains that he identified these individuals in paragraph 6 of the complaint and FAC, and described their allegedly liable conduct in the body of these pleadings, but inadvertently failed to include them in the case caption. (Mot. at 323.) Having just realized the error, Tucker now moves to amend. (*Id*.)

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).[1]

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has

---

[1] The addition of new parties is governed by Fed. R. Civ. P. 21, which provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

Although this is now the third iteration of the complaint, the Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. Additionally, the request to amend has been filed before the expiration of the deadline to add parties or amend the pleadings and with more than six months left in discovery, and there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery. With this amendment, the Court trusts that the parties will be able to move beyond the pleading stage and proceed uninterrupted with the case management plan that governs this case.

Thus, in light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a).

The Court grants plaintiff's motion. On or before January 29, 2018, plaintiff shall file the second amended complaint attached to his motion at Doc. No. 33-1.

**IT IS SO ORDERED**.

Dated: January 24, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**